**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN J. DRISCOLL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-859-GPM** |
| | ) | |
| **BROWN & CROUPPEN, P.C., a foreign** | ) | |
| **corporation, LAURA CAIMI, a natural** | ) | |
| **person, RONALD A. BROWN, a natural** | ) | |
| **person, and TERRY B. CROUPPEN, a** | ) | |
| **natural person,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the motion for remand of this case to state court brought by Plaintiff John J. Driscoll (Doc. 7). Driscoll is an attorney who formerly worked for Defendant Brown & Crouppen, P.C. ("Brown & Crouppen"), a Missouri law firm. Defendant Laura Caimi is a paralegal employed by Brown & Crouppen. Defendant Ronald A. Brown is the vice president and treasurer of Brown & Crouppen, according to the online records of corporations maintained by the Missouri Secretary of State at https://www.sos.mo.gov/BusinessEntity/soskb/csearch.asp, which the Court can judicially notice. *See Holmes v. Back Doctors, Ltd.*, Civil No. 09-540-GPM, 2009 WL 3425961, at *1 n.1 (S.D. Ill. Oct. 21, 2009). Defendant Terry B. Crouppen is Brown & Crouppen's president, secretary, and registered agent for service of process. Driscoll seeks a judicial declaration of his rights vis-a-vis

Brown & Crouppen under a non-competition agreement that he was required by the firm to sign as a condition of his employment. Driscoll alleges also that Brown & Crouppen, Caimi, Brown, and Crouppen committed tortious interference with a business expectancy and civil conspiracy by, after Driscoll's departure from Brown & Crouppen, unilaterally terminating Driscoll's representation of clients whom Driscoll initially began to represent while still employed by Brown & Crouppen; Driscoll alleges that his representation of these clients was terminated without notice to him or to the clients.[1] This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed from state court to this Court by Brown & Crouppen on the basis of federal diversity jurisdiction; Brown, Crouppen, and Caimi have filed consents to the removal. Driscoll in turn has moved for remand of this case to state court for lack of federal subject matter jurisdiction. Having reviewed carefully the motion for remand and the record of the case, the Court now rules as follows.

## II. ANALYSIS

As noted, the basis for federal subject matter jurisdiction asserted in this case by Brown & Crouppen is federal diversity jurisdiction, which requires, of course, that there be complete diversity of citizenship among the parties, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *Starno v. Bayer Corp.*, Civil No. 09-821-GPM, 2009 WL 3257124, at *1 (S.D. Ill. Oct. 7, 2009); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM,

---

1. The Court notes that, under Illinois law, termination of a representation requires both notice to a client and the client's consent. *See* Ill. Sup. Ct. R. 13(c)(2)-(4); *Thomas v. Sklodowski*, 709 N.E.2d 656, 659 (Ill. App. Ct. 1999) (quoting *Wainwright v. McDonough*, 7 N.E.2d 915, 916 (Ill. App. Ct. 1937)); *In re Marriage of Humphrey*, 460 N.E.2d 52, 54 (Ill. App. Ct. 1984); *Bergman v. Hedges*, 249 N.E.2d 666, 668 (Ill. App. Ct. 1969).

2009 WL 2365596, at *1 n.1 (S.D. Ill. May 27, 2009); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006). Brown & Crouppen, as the removing Defendant, bears the burden of proof as to the existence of federal subject matter jurisdiction in this case. *See Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254, at *1 (S.D. Ill. Oct. 27, 2009); *Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). The removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand. *See Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009); *Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F. Supp. 2d 838, 842 (S.D. Ill. 2008); *Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civil No. 06-606-GPM, 2007 WL 273766, at *1 (S.D. Ill. Jan. 26, 2007); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

In this instance Brown & Crouppen has alleged properly that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and Driscoll does not challenge that allegation; also, given that Driscoll charges in his complaint that Defendants interfered with his representation of thousands of clients, it seems probable to the Court that Driscoll's fee interest in the cases with which Defendants are alleged to have interfered exceeds the jurisdictional minimum amount for diversity purposes. *See Ursch v. Detailers & More, Inc.*, Civil No. 09-913-GPM, 2009 WL 3678254, at *2 (S.D. Ill. Nov. 3, 2009) (in general, the amount in controversy in a case removed in diversity jurisdiction should be ascertained from "a reasonable and commonsense reading" of the

complaint in the case); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006) (same).  What is chiefly in dispute between the parties is the requirement of complete diversity of citizenship.  Driscoll is a citizen of Illinois, as is Caimi.  *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009).[2]  However, Brown & Crouppen contends that the Court possesses subject matter jurisdiction in diversity in this case because Driscoll has fraudulently joined Caimi to defeat diversity jurisdiction.

In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined.  *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1059 (S.D. Ill. 2006).  A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts."  *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007).  A defendant seeking removal based on alleged fraudulent joinder shoulders the "heavy burden" of proving that, after the court resolves all issues of law and fact in the plaintiff's

---

2.    With respect to the citizenship of the other parties to this case, Brown & Crouppen is a professional corporation incorporated under Missouri law with its principal place of business in Missouri.  *See* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).  Ronald Brown and Terry Crouppen are citizens of Missouri.

favor, there is no possibility that the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *2 (S.D. Ill. Apr. 25, 2006).

The United States Court of Appeals for the Seventh Circuit suggested recently that the standard under which a claim of fraudulent joinder is evaluated may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (citing *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)). This is because, in evaluating fraudulent joinder, a court is narrowly confined to the pleadings and must resolve all questions of fact and of law against removal, save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence. *See Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at *3 (S.D. Ill. Oct. 19, 2009) (collecting cases).[3] Here the removing Defendant, Brown & Crouppen, does not allege fraud in Driscoll's pleading of jurisdictional facts against Caimi and instead alleges that Driscoll cannot establish a cause of action against Caimi in Illinois state court for three reasons: under Illinois law the doctrine of so-called

---

3.    This is not the sort of case, obviously, in which the Court can look past the pleadings and consider summary evidence of fraudulent joinder: Brown & Crouppen has not presented any such evidence, and nothing in the record suggests that Caimi, the diversity-defeating Defendant, lacks any connection with this controversy, e.g., that she was not working for Brown & Crouppen at the time the events giving rise to this case occurred or otherwise, by a clear and convincing standard of proof, cannot be liable to Driscoll in tort. *See Hildebrandt v. Johnson & Johnson*, Civil No. 09-863-GPM, 2009 WL 3349913, at *4 (S.D. Ill. Oct. 19, 2009); *Hardaway v. Merck & Co.*, Civil No. 06-465-GPM, 2006 WL 2349965, at *2 (S.D. Ill. Aug. 11, 2006).

"intracorporate immunity" or "intracorporate conspiracy" shields Caimi from liability to Driscoll for civil conspiracy; Driscoll has failed to state a claim for tortious interference with a business expectancy against Caimi under Illinois law; and Caimi cannot be liable to Driscoll under Illinois law for a breach of a duty she owed solely to Brown & Crouppen. The Court considers each of these contentions in turn.[4]

The Court examines first Brown & Crouppen's claim that Caimi is fraudulently joined on the basis of the intracorporate immunity doctrine. Under Illinois law, a civil conspiracy consists, of course, of a combination of two or more persons or entities. *See Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004); *Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 878 (Ill. App. Ct. 2003). Because the acts of an agent are considered in law to be the acts of the agent's principal, there can be no civil conspiracy between a principal and an agent and thus there can be no civil conspiracy between a corporation and its officers or agents or between the corporation's officers or employees. *See Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 0698, 2005 WL 589000, at *16 (N.D. Ill. Mar. 11, 2005) (applying Illinois law); *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 788 N.E.2d 740, 752 (Ill. App. Ct. 2003); *Davis v. Times Mirror Magazines, Inc.*, 697 N.E.2d 380, 388 (Ill. App. Ct. 1998). It certainly is the case that, as a general rule, Brown & Crouppen cannot conspire with its own officers and agents, Brown, Crouppen, and Caimi. However, this is an issue to be addressed in state court and not on a claim of fraudulent joinder to defeat diversity jurisdiction. The intracorporate immunity doctrine is a defense to

---

4.    In this Order the Court assumes that Illinois furnishes the relevant state law for purposes of testing fraudulent joinder, as the parties have not directed the Court to another body of law they believe is pertinent. *See Morisch v. United States*, Civil No. 07-145-GPM, 2009 WL 3349541, at *1 (S.D. Ill. Oct. 15, 2009); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *9 n.6 (S.D. Ill. Sept. 17, 2009).

the liability of all of the Defendants in this case for civil conspiracy, not just Caimi, the non-diverse

Defendant. However, "the doctrine of fraudulent joinder is concerned with flaws in a cause of action

that are specific to a diversity-defeating party, not with defenses that show merely that 'the plaintiff's

case [is] ill founded as to all the defendants,' whether diverse or non-diverse." *Doles v.*

*Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *4 (S.D. Ill. Oct. 19, 2009)

(quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)). Thus, "[a] claim of

fraudulent joinder based on grounds that implicate the liability of both diverse and non-diverse

defendants alike 'manifestly [goes] to the merits of the action as an entirety, and not to the

joinder[.]'" *Id*. In this connection, the Court notes that Brown & Crouppen has moved to dismiss

Driscoll's claim of civil conspiracy against the firm and against Brown and Crouppen on the basis

of intracorporate immunity, showing that intracorporate immunity affects the liability of the diverse

Defendants in this case. *See* Doc. 14 at 6. Because intracorporate immunity is a defense that can

be raised by all of the Defendants in this case, the Court refuses to find fraudulent joinder as to Caimi

by reason of intracorporate immunity. *See Doles*, 2009 WL 3349806, at *4 (fraudulent joinder could

not be found on the basis of a defense that could be asserted by diverse and non-diverse

defendants alike); *Moore*, 2009 WL 3349859, at *4 (same).[5]

---

5.     The Court notes that there are certain exceptions to the general principle that officers and
employees of a corporation cannot conspire together that may be relevant in this case, such as the
rule that agents of a corporation can conspire together where the motive for the conspiracy is the
agents' own benefit or animus toward a third party, rather than furthering the interests of the
corporation. *See Jamaica Citizens Bank, Ltd. v. North Am. Special Risk Assocs., Inc.*,
No. 96 C 4203, 1996 WL 648712, at *5 (N.D. Ill. Nov. 1, 1996) (applying Illinois law); *Bilut v.
Northwestern Univ.*, 692 N.E.2d 1327, 1332-33 (Ill. App. Ct. 1998). However, as discussed,
intracorporate immunity is a defense on the merits in this case, and, furthermore, evaluating the
applicability of exceptions to intracorporate immunity here would entail a factual inquiry that, as
already has been discussed, is beyond the permissible scope of analysis of Brown & Crouppen's
claim of fraudulent joinder to defeat diversity.

For the same reason Brown & Crouppen's claim of fraudulent joinder based on the intracorporate immunity doctrine fails, so too fails its claim that Driscoll cannot establish a cause of action against Caimi under Illinois law based on tortious interference with a business expectancy. The elements of a cause of action for tortious interference with a business expectancy under Illinois law are as follows:  (1) a plaintiff's reasonable expectation of entering into a valid business relationship; (2) a defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from being fulfilled; and (4) damages to the plaintiff resulting from such interference. *See Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170-71 (7th Cir. 1993) (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991)); *Parks v. Female Health Care Assocs., Ltd.*, No. 96 C 7133, 1997 WL 285870, at *7 (N.D. Ill. May 23, 1997) (applying Illinois law); *Clarage v. Kuzma*, 795 N.E.2d 348, 356 (Ill. App. Ct. 2003); *Labate v. Data Forms, Inc.*, 682 N.E.2d 91, 94 (Ill. App. Ct. 1997). Brown & Crouppen argues in support of its claim that Caimi has been fraudulently joined to defeat diversity jurisdiction that Driscoll has failed adequately to allege Caimi's knowledge of Driscoll's business expectancy.  As with Brown & Crouppen's argument for fraudulent joinder based on the intracorporate immunity doctrine, its argument based on the supposed inadequacy of Driscoll's allegations of tortious interference with a business expectancy goes to the liability of all of the Defendants in the case.  Simply put, if, as Brown & Crouppen argues, Driscoll has failed adequately to plead his cause of action for tortious interference with a business expectancy, the claim fails as to all Defendants in the case, not merely Caimi, the diversity-defeating Defendant.  Accordingly, the Court rejects Brown & Crouppen's claim of fraudulent joinder based on Driscoll's supposed failure to plead adequately Caimi's knowledge of his business expectancy.  *See Doles*, 2009 WL 3349806,

at *4; *Hildebrandt*, 2009 WL 3349913, at *5; *Moore*, 2009 WL 3349859, at *4; *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1048-50 (S.D. Ill. 2006); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 1000-06 (S.D. Ill. 2006).[6]

Finally, Brown & Crouppen contends that Caimi is fraudulently joined because she cannot be liable to Driscoll under Illinois law for a breach of a duty that, as an agent, she owed solely to her principal, Brown & Crouppen. This argument for fraudulent joinder again goes to the merits of Driscoll's claims against all of the Defendants in this case; also, it is obviously wrong. Under Illinois law, of course, "an agent who breaches a duty owed *solely* to her principal is not independently liable to an injured third party." *Schur*, 577 F.3d at 765 (citing *Bovan v. American Family Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill. App. Ct. 2008)) (emphasis in original). However, "an agent is liable in tort to a third party harmed by the agent's conduct when the agent breaches an independent duty that she owes *to the third party*." *Id.* at 766 (emphasis in original). Here Driscoll clearly alleges that Caimi breached her legal duty not to interfere with his business expectancy. *See Miller v. Lockport Realty Group, Inc.*, 878 N.E.2d 171, 176 (Ill. App. Ct. 2007);

---

6.  The Court notes in passing that Brown & Crouppen's argument for fraudulent joinder of Caimi with respect to Driscoll's cause of action for tortious interference with a business expectancy shows a bad understanding of precisely where the burden of proof lies at this juncture. "It is not the burden of [a plaintiff] to show that [his or her] case does not belong in federal court. Rather, it is the burden of [a removing defendant], as the party claiming fraudulent joinder . . . , to prove its claim . . . by . . . put[ting] forward evidence that would negate a possibility of liability on the part of . . . a non-diverse defendant." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1095 (S.D. Ill. 2007). Also, as already has been noted, a removing defendant's "affirmative proof of fraudulent joinder must be clear and convincing." *Id.* Correspondingly, a defendant claiming fraudulent joinder does not satisfy this stringent burden of proof by "pointing to formal defects in the plaintiff's submissions to the court," as Brown & Crouppen attempts to do here. *Id.* (quoting *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 739 (S.D. Ill. 2006)). The Court notes as a further matter that Driscoll alleges very clearly in his complaint Caimi's knowledge of his business expectancy as well as that of the other parties alleged to have interfered with Driscoll's business expectancy, Brown & Crouppen, Brown, and Crouppen.

*Film & Tape Works, Inc. v. Junetwenty Films, Inc.*, 856 N.E.2d 612, 618-19 (Ill. App. Ct. 2006);

*Belden Corp. v. InterNorth, Inc.*, 413 N.E.2d 98, 101 (Ill. App. Ct. 1980).  Accordingly, on the

basis of Driscoll's allegations, Caimi has independent tort liability to Driscoll, and an "agent's tort

liability 'is normally unaffected by the fact that he is an agent or servant.'"  *Schur*, 577 F.3d at 765

(quoting *Fortech, L.L.C. v. R.W. Dunteman Co.*, 852 N.E.2d 451, 456 (Ill. App. Ct. 2006)).

Further, the misconduct of Caimi alleged by Driscoll is imputable to her principal,

Brown & Crouppen.  "As a general rule an injured party must seek his redress from the person who

caused the injury.  A recognized exception to the general rule is applicable where the person causing

the injury is an agent or servant in which event his misconduct may be imputed to the principal

or master."  *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *2

(S.D. Ill. June 6, 2006) (quoting *Watson v. Taylor*, 256 N.E.2d 474, 474 (Ill. App. Ct. 1970)).

Where Brown & Crouppen's claim of fraudulent joinder as to Caimi implicates the firm's vicarious

liability for Caimi's alleged misconduct toward Driscoll, and Brown & Crouppen's vicarious liability

for Caimi's misconduct would be discharged by a finding that Caimi has been fraudulently joined,

the Court cannot find fraudulent joinder.  *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 937-41

(S.D. Ill. 2006) (refusing to find fraudulent joinder as to a diversity-defeating agent of a diverse

principal, because the principal's liability was at least in part vicarious of that of the agent, and a

finding that the plaintiff could not establish a cause of action against the agent would be dispositive

as to the principal's liability for the acts of the agent); *Hauck*, 2006 WL 1596826, at *9 (same).

Brown & Crouppen has failed to show that Caimi has been fraudulently joined to defeat

diversity jurisdiction.  Therefore, this case will be remanded to state court for lack of federal subject

matter jurisdiction.

**III. CONCLUSION**

Driscoll's motion for remand of this case to state court (Doc. 7) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: November 10, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge